UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURT CLIFT,<br><br>        Plaintiff,<br><br>    v.<br><br>BNSF RAILWAY COMPANY,<br><br>        Defendant. | CASE NO. C13-2281 MJP<br><br>ORDER ON MOTION TO TRANSFER |

THIS MOTION comes before the Court on Defendant's Motion to Transfer Venue. (Dkt. No. 20.) Having reviewed the Motion, Plaintiff's Response (Dkt. No. 23.), Defendant's Reply (Dkt. No. 27), and all related papers, the Court hereby GRANTS the Motion and ORDERS the case transferred to the United States District Court for the Eastern District of Washington.

**Background**

Plaintiff Cliff Curt filed a complaint in this Court alleging he was subjected by Defendant to retaliation and harassment in violation of the Federal Railway Safety Act as a result of his involvement in a work-related injury and a report of unsafe working conditions. (Dkt. No. 1 at 3–6.) The injury took place in Spokane, Washington. (Dkt. No. 1 at 6.) Plaintiff lives in Eastern

Washington. (Dkt. No. 20 at 2.) The majority of witnesses who might be called to testify in this matter also live in Eastern Washington. (Dkt. No. 20 at 2–4.) Plaintiff points out that Defendant maintains a Regional Hub in the Western District, that two of Plaintiff's supervisors reside in the Western District, and that disciplinary decisions may have been made here. (Dkt. No. 23 at 2–4.)

**Discussion**

An action may be transferred under 28 U.S.C. § 1404(a) to a district or division "where it might have been brought" "for the convenience of parties and witnesses, in the interest of justice." The Eastern District is a proper venue for Plaintiff's action, which is based in federal law, because a "substantial part of the events or omissions giving rise to the claim occurred" there. 28 U.S.C. § 1391(b)(2).

In deciding whether a request to transfer venue should be granted, the Court must consider such factors as "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–99 (9th Cir. 2000). Here, although the plaintiff has chosen to prosecute his action in the Western District, there is little question that the Eastern District is equally if not more convenient for him. The central events giving rise to Plaintiff's claim took place in the Eastern District and most of the relevant witnesses are located there. For the supervisors who are located in the Western District, they may certainly be deposed here, but traveling to the Eastern District if they are called to testify will not impose any serious difficulties. Some of the factors

the Ninth Circuit has instructed district courts to consider are not relevant here, and others are neutral. The balance of factors favors transfer.

## Conclusion

Because the relevant factors counsel in favor of transfer and other factors are neutral, the Court hereby GRANTS Defendant's Motion to Transfer Venue to the Eastern District of Washington.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 12th day of May, 2014.

_____
Marsha J. Pechman
Chief United States District Judge